**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Craig Antonio George, Appellant.

Appellate Case No. 2021-000581

―――――――――――

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-380
Submitted November 1, 2023 – Filed December 6, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

―――――――――――

**PER CURIAM:** Craig Antonio George appeals his convictions for kidnapping and first-degree criminal sexual conduct (CSC) and his concurrent sentences of life imprisonment. On appeal, George argues the trial court erred in limiting his

cross-examination of the victim regarding the content of the books she authored about angels. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by limiting cross-examination of the victim because George sought to use the excluded testimony, which was evidence of the victim's religious beliefs, to show the victim had "a very active imagination," in violation of Rule 610, SCRE. *See State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous."); *id.* ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); Rule 610, SCRE ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced."); *State v. Williams,* 263 S.C. 290, 302, 210 S.E.2d 298, 304 (1974) ("[T]he sole object of the rule against impeachment on collateral matters is to prevent confusion of issue and unfair surprise."); *id.* (explaining that due to the difficulty of deciding identifying collateral matters, "considerable latitude and discretion should be allowed the trial [court] in determining the admissibility of impeaching testimony").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.